**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-03013-NYW-NRN

ANTONIO JONES,

      Plaintiff,

v.

UNITED AIRLINES, INC.,

      Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS
(LEVEL 1)**

---

Pursuant to D.C.COLO.LCivR 7.2, Defendant hereby moves for an Order restricting the exhibits filed by Defendant in its Restricted Exhibit Filing (ECF No. 67).

1.      Pursuant to D.C.COLO.LCivR 7.1(a), the undersigned counsel for Defendant conferred with Plaintiff's counsel regarding this motion and the relief requested herein. Plaintiff is not opposed to the motion.

2.      D.C.COLO.LCivR 7.2(c) provides that a court may restrict from public access and inspection any document in a case in circumstances in which the public right of access is outweighed by the potential for serious injury if access is not restricted. D.C.COLO.LCivR 7.2(c)(2) and (3).

3.      In exercising its discretion to control and seal records, this Court may "seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)).

4.    On February 10, 2025, the Court entered a Stipulated Protective Order that governs the discovery and dissemination of confidential information produced in this litigation (ECF No. 26).

5.    Here, Defendant submits that the requirements for Level 1 restriction pursuant to D.C.COLO.LCivR 7.2(c) are satisfied. The restricted exhibits encompass confidential business records and related testimony regarding United's disciplinary investigations and procedures, including identification of non-parties involved in investigations, witness statements from non-parties, and investigations into Plaintiff's conduct. Given this, the restricted exhibits implicate both Defendant's legitimate interests in protecting the confidentiality of its internal business information, Plaintiff's privacy interests in his employment records, and the privacy interests of third parties. *See, e.g.*, *See Rickaby v. Hartford Life & Accident Ins. Co.*, No. 11-cv-00520-RM-BNB, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (granting motion to restrict where public disclosure of documents would reveal sensitive information of a party). Disclosure of the restricted exhibits would therefore result in injury to both Parties and non-parties, and there is no countervailing public interest that warrants disclosure. In addition, the relevant information from the restricted exhibits is quoted or summarized in relevant part in Defendant's Reply ISO its MSJ. Thus, the concerns underlying the general presumption of public access are satisfied and do not warrant disclosure of the restricted exhibits. Nor is redaction or any alternative to restriction practicable under the circumstances, as the business and privacy interests at issue are implicated by the nature of each document as a whole, rather than specific sections within the documents.

FP 54947239.1

6.     For these reasons, Defendant submits the requirements of D.C.COLO.LCivR 7.2(c) are satisfied and that Level 1 restriction is appropriate.

WHEREFORE, for the reasons set forth above, Defendant respectfully requests that the Court enter an Order restricting ECF No. 67 under Level 1 restriction pursuant to D.C.COLO.LCivR 7.2.

Dated: May 21, 2026.

Respectfully submitted,

FISHER & PHILLIPS LLP

*/s/ Janet M. Himmel*
Janet M. Himmel
Micah D. Dawson
Stephanie McConkie
Fisher & Phillips, LLP
1125 17th Street, Suite 2400
Denver, CO 80202
Telephone: 303-218-3650
Facsimile:  303-218-3651
mdawson@fisherphillips.com
jhimmel@fisherphillips.com
smcconkie@fisherphillips.com
*Attorneys for Defendant*

## CERTIFICATION REGARDING USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

The undersigned hereby certifies that generative artificial intelligence was not used in connection with the above filing.

s/*Janet M. Himmel*_____
Janet M. Himmel
For Fisher & Phillips LLP

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2026, a true and correct copy of the foregoing was served by filing it with the court's electronic-filing system, which shall provide notice and copy hereof upon all parties.

s/ *Sara Stup*_____
Sara Stup
For Fisher & Phillips LLP

FP 54947239.1