IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*2:43 pm, May 29, 2026*
**JEFFREY P. COLWELL, CLERK**

Civil Action No. 1:24-cv-03013-NYW-NRN

ANTONIO JONES,

Plaintiff,

v.

UNITED AIRLINES, INC.,

Defendant.

**RESPONSE OF INNER CITY PRESS IN OPPOSITION TO PLAINTIFF'S LATE-FILED MOTION TO RESTRICT PUBLIC ACCESS (ECF NO. 74) AND IN SUPPORT OF REDACTED PUBLIC FILING OF PLAINTIFF'S EXHIBITS**

Inner City Press, a news organization, and its reporter Matthew Russell Lee including in his personal capacity respectfully submit this response in opposition to Plaintiff Antonio Jones's Unopposed Motion to Restrict Public Access (Level 1) (ECF No. 74, filed May 29, 2026), pursuant to D.C.COLO.LCivR 7.2(d), which invites interested persons to file a response to any motion to restrict.

Inner City Press previously filed a response opposing Defendant United Airlines' motion to restrict (ECF No. 70). This response addresses the separately filed motion of Plaintiff Jones.

## I. PRELIMINARY NOTE: THE CUMULATIVE EFFECT OF BOTH MOTIONS

The Court now has before it restriction motions from both parties — ECF No. 70 (United Airlines, filed May 21, 2026) and ECF No. 74 (Plaintiff Jones, filed May 29, 2026) — together seeking to place under Level 1 restriction all of the exhibits filed in connection with Defendant's motion for summary judgment (ECF No. 67) and Plaintiff's response (ECF No. 59). The combined effect of granting both motions would be to seal the entire factual record underlying the most consequential phase of this litigation from the public, press, and non-party employees of United Airlines who may be affected by the policies at issue.

This is precisely the kind of mutual, consent-based sealing arrangement that courts have identified as a concern: both parties agreeing to restrict the record, with no adversarial voice for public access other than an interested third party such as Inner City Press.

Numerous Federal judges docket and act on Press requests such as this, routinely in SDNY (leading to the 2d Circuit, Lee v. Greenwood, 145 F.4th 248, No. 23-7432 cr, 2025 WL 2101302, https://www.courtlistener.com/docket/69090920/lee-v-greenwood/ and see recently (May 22, 2026), UMG Recordings, Inc. v. Suno, Inc. (1:24-cv-11611) District of Massachusetts (F. Dennis Saylor IV, J), " A member of the press has submitted a letter opposing the motion to impound. (Dkt. No. [233]), https://storage.courtlistener.com/recap/gov.uscourts.mad.272063/gov.uscourts.mad.2720 63.233.0.pdf and also in EDNY (see, e.g. https://www.courtlistener.com/docket/67935173/57/united-states-v-karony/) and DDC (see, e.g. https://storage.courtlistener.com/recap/gov.uscourts.dcd.235480/gov.uscourts.dcd.2 3548 0.19.0.pdf ("Let this be filed") Let *this* be filed - a PDF is attached - unlike our first filing, submitted before the Order which seemed to precede the 5 pm deadline (please explain in any subsequent Order).

## II. PLAINTIFF'S MOTION IS UNTIMELY AND THE COURT SHOULD REQUIRE STRICT COMPLIANCE WITH LCIVR 7.2

D.C.COLO.LCivR 7.2 requires that a motion to restrict be filed within 14 days of the filing of the document sought to be restricted. Plaintiff's exhibits (ECF No. 59) were filed on April 17, 2026. Plaintiff's motion to restrict (ECF No. 74) was filed on May 29, 2026 — more than six weeks later, and well outside the 14-day window.

Plaintiff's counsel explains the delay by noting that she was traveling internationally for her honeymoon without access to her computer, and that a calendaring error caused the deadline to be missed. ECF No. 74 ¶ 9. Inner City Press does not dispute that counsel's explanation is credible or that the error was inadvertent. However, the remedy for a missed restriction deadline is not automatic retroactive restriction. The purpose of the 14-day rule is precisely to limit the period during which unrestricted documents may be taken back from public access. Documents that have been accessible to the public for six weeks carry an even stronger presumption against subsequent restriction.

If the Court is inclined to excuse the late filing, Inner City Press respectfully requests that the Court condition any such relief on Plaintiff's compliance with all substantive requirements of LCivR 7.2(c) — including document-by-document justification and consideration of redaction as an alternative.

## III. THE MOTION FAILS TO SATISFY THE SUBSTANTIVE REQUIREMENTS OF LCIVR 7.2(C)

### A. Plaintiff Concedes That the Relevant Content Is Already Public

As with Defendant's motion (ECF No. 70), Plaintiff's motion contains a critical self-defeating concession: "the relevant but not sensitive information from the restricted exhibits is quoted or summarized in relevant part in Plaintiff's Response to Defendant's Motion for Summary Judgment." ECF No. 74 ¶ 7 (emphasis added).

This concession is significant. Plaintiff's own characterization distinguishes between (a) "relevant" information — which is already public in the Response — and (b) sensitive information — the identities of non-party employees and specific personal data. This distinction is precisely the basis for targeted redaction rather than wholesale restriction. If the relevant substance is public, and only the identifying details of non-parties are sensitive, then the solution is to redact those identifying details — not to restrict the entire document.

### B. Redaction of Non-Party Identifying Information Is Practicable

Plaintiff identifies three categories of sensitive information: (1) identification of non-party employees involved in investigations (ECF Nos. 59-1 and 59-3); (2) witness statements from non-party employees (id.); and (3) personally identifying information in United's discovery responses (ECF No. 59-2). ECF No. 74 ¶ 6.

None of these categories requires wholesale restriction of the documents. Names and personal identifying information of non-party employees can be redacted using standard redaction techniques. The substance of witness statements — their general content, the nature of the investigation, the conduct described — does not itself identify any individual and does not warrant restriction. United's discovery responses contain factual assertions about workplace investigations that are directly relevant to the public's understanding of how the airline handles employee discipline. The identifying details within those responses can be redacted; the substantive content should be public.

### C. The Privacy Interests of Non-Party Employees Do Not Justify Wholesale Restriction

The Tenth Circuit and district courts within it have held that the privacy interests of non-party individuals can be adequately protected through targeted redaction of names and identifying information, without requiring restriction of an entire document. See, e.g., Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980) (courts should employ the least restrictive means to protect legitimate interests). The fact that non-party employees are identified within the exhibits does not automatically require that the exhibits be sealed in full — it requires that identifying information be redacted.

Indeed, this is the standard practice in employment discrimination litigation: exhibits containing personnel records are filed with employee names and identifying details redacted, while the substance of the records — the policies applied, the findings made, the decisions taken — remains public. Plaintiff has not explained why this standard approach is unavailable here.

## IV. THE PUBLIC INTEREST IN THIS CASE WARRANTS SCRUTINY

Antonio Jones is suing United Airlines — one of the nation's largest employers — for employment discrimination. The exhibits at issue concern how United investigates and disciplines its employees, what policies govern those decisions, and what the investigation into Mr. Jones's own conduct revealed. These are matters of direct interest to United's tens of thousands of employees, to civil rights advocates, to regulators, and to the traveling public that relies on United's workforce.

The complete sealing of both sides' summary judgment exhibits would prevent any member of the public from independently assessing the factual basis for the court's eventual ruling on summary judgment. In a case of this nature — an individual employee against a large corporation, litigated with the resources to negotiate mutual protective orders — the public interest in transparency is not a formality. It is a check on the use of confidentiality designations as a shield against accountability.

## V. RELIEF REQUESTED

Inner City Press respectfully requests that the Court:

1. Deny Plaintiff's Motion to Restrict (ECF No. 74) as untimely and unsupported by the particularized showing required by LCivR 7.2(c);

2. In the alternative, if the Court finds good cause to excuse the late filing, require Plaintiff to file redacted public versions of ECF Nos. 59-1, 59-2, and 59-3 within 14 days, redacting only the names and personal identifying information of non-party employees while leaving the substantive content of each document publicly accessible;

3. Make specific findings as to each document that remains restricted, identifying the particular interest that outweighs public access and why targeted redaction is insufficient; and

4.  Consider the cumulative effect of both ECF No. 70 (United Airlines) and ECF No. 74 (Plaintiff Jones) when assessing whether wholesale restriction of the summary judgment record is consistent with the presumption of public access.

Respectfully submitted,

/s/
Matthew Russell Lee, Inner City Press
Mail: PO Box 130222, Chinatown Station NY NY 10013
Email Matthew.Lee [at] innercitypress.com
Cell: 718-716-3540
https://x.com/innercitypress (380,000 followers)
www.InnerCityPress.com

 April 6, 2026, New York Times, "Suspect in Hacking of Climate Activists Is Extradited to New York," by Karen Zraick, "His extradition to the United States from Britain was reported earlier by Inner City Press," https://www.nytimes.com/2026/04/06/climate/forlit-exxon-dci-hacking-extradition.html

April 2, 2026, Ticket News, "Live Nation Seeks Pre-Verdict Win as Judge Orders More Trial Records Unsealed," "declaration and 7 exhibits were entirely withheld. Inner City Press challenged it; Judge ruled today, and now at night, they have been docketed," https://www.ticketnews.com/2026/04/live-nation-seeks-pre-verdict-win-as-judge-orders-more-trial-records-unsealed/

Dated: May 29, 2026